**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAJINDER SINGH, | No. 13-71376 |
| Petitioner, | Agency No. A088-534-545 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2016[**]
San Francisco, California

Before: SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Rajinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals's ("BIA") decision dismissing his appeal of an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA identified three specific instances in which Singh testified inconsistently: (1) how the police knew that Singh and his relatives were Shromani Akali Dal Mann members; (2) how often the police visited Singh's home after his arrests; and (3) whether or not police arrested his brother prior to 2006. The BIA also concluded that Singh's two witnesses failed to rehabilitate his inconsistent testimony. The testimony of one witness was inconsistent with Singh's testimony, and the other witness disavowed his own prior written statement.

Substantial evidence also supports the BIA's affirmance of the IJ's alternative determination that, even assuming Singh provided credible testimony demonstrating past persecution, the Department of Homeland Security successfully rebutted the presumption of future persecution with record evidence of Singh's ability to reasonably relocate. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B). This was contained in government reports from three countries ascribing improved conditions for Sikhs in India. *See also Singh v. Holder*, 753 F.3d 826, 837 (9th Cir. 2014) (stating that country conditions in India now allow for Sikhs to be safely removed to India).

Humanitarian asylum, where there is little likelihood of future persecution, is reserved for rare cases where a petitioner has suffered "atrocious forms of persecution." *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004) (citation omitted). The BIA did not abuse its discretion in determining that Singh's past persecution failed to qualify for humanitarian asylum. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).

Singh also contends that the BIA did not consider his evidence of police torture when it denied CAT protection. The BIA considered Singh's testimony of police torture in making its adverse credibility determination and also found that Singh could safely relocate within India in order to avoid future persecution from local police. Thus, the BIA properly denied CAT protection. *See* 8 C.F.R. § 1208.16(c)(3).

Petition **DENIED**.